# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| SAMUEL E. HALEY, JR., | ) |
| Plaintiff, | ) |
| v. | ) No. 1:09-CV-144-SNLJ |
| CMS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the filing of plaintiff's amended complaint [Doc. #10].[1]

28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989).

---

[1]On November 2, 2009, this Court ordered plaintiff to file an amended complaint on a Court-provided form.

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 1951-52.

**The Amended Complaint**

Plaintiff, an inmate at the Southeast Correctional Center, seeks monetary and injunctive relief in this action brought pursuant to 42 U.S.C. § 1983. Named as defendants are CMS, Richard A. Carter, Deborah Vinson, Stephanie Kasting, Dr.

Glen Babich, Melody Griffin, Elizabeth Conley, Larry Crawford, Mike Kemna, Lisa Jones, Troy Steele, Michael J. Layden, Tom Villmer, Paula Phillips, Dan Martinez, Rick Bazzel, Dave Manker, C. Cossey, Jim Presson, Charlana Dunn, Timothy Holsten, W. Livesay, Sgt. Steve Riddell, John Hilpert, Rick Rainey, Jim Gorham, Sgt. Bryan Hoskin, Sgt. Charles Reed, H. Creg, and Joshua Cook.

Plaintiff alleges that from the period from October 15, 2008, to February 6, 2009, defendants Deborah Vinson, Stephanie Kasting, Dr. Glen Babich, Dan Martinez, Sgt. Bryan Hoskin, and Sgt. Charles Reed forced him to sleep on the floor without a change of clothing. Plaintiff further alleges that defendants Vinson, Kasting, and Babich had him placed on a "top walk, top bunk," when, in fact, he had a "Medical I.O.C." to be placed on a "bottom walk and bottom bunk." These Eighth Amendment claims survive frivolity review and will not be dismissed at this time.

Plaintiff also alleges that he received five false conduct violations which adversely affected his "parole out date" and caused him to be removed from his "honor dorm status." Plaintiff's allegations do not implicate constitutionally protected interests, because they do not constitute an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472 (1995). Moreover, "an inmate does not have a constitutionally-protected liberty interest in the possibility of parole, and [the United States Court of Appeals for the

Eighth Circuit] has held that the Missouri parole statutes 'create no liberty interest' under state law in the parole board's discretionary decisions." Adams v Agniel, 405 F.3d 643, 645 (8th Cir. 2005) (citing Greenholtz v. Inmates of Nebraska Penal & Corrections, 442 U.S. 1, 9-11, (1979)).

Plaintiff summarily claims that he was denied (1) access to a notary public; (2) access to the courts; (3) access to legal supplies; and (4) access to sworn affidavits. To the extent that plaintiff is attempting to assert an access-to-the-courts claim, these allegations are legally frivolous, because plaintiff does not allege that he has suffered "actual prejudice with respect to contemplated or existing litigation." See Lewis v. Casey, 518 U.S. 343, 348 (1996).

Plaintiff generally and summarily alleges that defendants acted with deliberate indifference to his "very serious and severe diabetic and other medical needs" and to "D.O.C. prison rules and policies." To state a claim for unconstitutional medical mistreatment, a plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Legal conclusions are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S.Ct. At 1949. Plaintiff's medical claims are wholly conclusory; he has failed to plead facts sufficient to indicate deliberate indifference to his serious medical needs. Moreover, plaintiff's assertion that

defendants failed to follow prison regulations does not amount to a § 1983 claim.  See Bagley v. Rogerson, 5 F.3d 325 (8th Cir. 1993) (allegation of state law violation, statutory or decisional, does not, in itself, state claim under federal Constitution or § 1983).  As such, these claims will be dismissed as legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that, as to plaintiff's claims against defendants Deborah Vinson, Stephanie Kasting, Dr. Glen Babich, Dan Martinez, Sgt. Bryan Hoskin, and Sgt. Charles Reed, that from October 15, 2008, to February 6, 2009, he was forced to sleep on the floor without a change of clothing and that, contrary to a medical order, he was placed on a "top walk, top bunk," the Clerk shall issue process or cause process to be issued.  All other claims against these defendants are legally frivolous and/or fail to state a claim or cause of action and shall be dismissed, without prejudice.

**IT IS FURTHER ORDERED** that, as to defendants CMS, Richard A. Carter, Melody Griffin, Elizabeth Conley, Larry Crawford, Mike Kemna, Lisa Jones, Troy Steele, Michael J. Layden, Tom Villmer, Paula Phillips, Rick Bazzel, Dave Manker, C. Cossey, Jim Presson, Charlana Dunn, Timothy Holsten, W. Livesay, Sgt. Steve Riddell, John Hilpert, Rick Rainey, Jim Gorham, H. Creg, and Joshua Cook, the Clerk

shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

An Order of Partial Dismissal as to Claims and Parties will accompany this Memorandum and Order.

Dated this   30th   Day of November, 2009.

_____
UNITED STATES DISTRICT JUDGE