UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SAMUEL E. HALEY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No. 1:09-CV-144-SNLJ |
| | ) |
| CMS, et. al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This is a case brought by a prisoner under 42 U.S.C. § 1983. Plaintiff's court-appointed attorney was granted leave to withdraw on September 16, 2010 (#70). Plaintiff was appointed a new attorney on November 29, 2010 (#85). In the intervening time, plaintiff filed several motions and other documents that the Court will now address (#72, #73, #81, #86). Defendants have not responded.

**I.      Sept. 17, 2010 Confidential Settlement Agreement Request (#72)**

This a 45-page handwritten "motion" with over one hundred pages of "exhibits." The motion appears to set out what the evidence at a trial regarding his mistreatment would show and the relief plaintiff demands.

Plaintiff's request for a settlement agreement is not procedurally appropriate, and the Court cannot grant the relief plaintiff demands. Plaintiff is instructed to discuss these matters with his attorney.

**II.     Sept. 17, 2010 Motion for Emergency Medical Treatment (#73)**

This is another lengthy hand-written motion, in the form of a letter to the Court, in which

plaintiff requests emergency medical treatment and requests that the Court order his then-attorney to take certain actions. Plaintiff appears to be seeking injunctive relief. Plaintiff has not made any showing that injunctive relief is warranted. To determine whether preliminary injunctive relief is warranted, the Court must balance threat of irreparable harm to the movant, the potential harm to nonmoving party should injunction issue, the likelihood of success on merits, and the public interest. *Dataphase Sys. v. CL Sys.*, 640 F.2d 109, 113-14 (8th Cir. 1981) (*en banc*). Plaintiff's motion and attached materials do not show any immediate threat of irreparable harm, nor has plaintiff made a case that he will have a likelihood of success on the merits as to his claims. Again, plaintiff is instructed to discuss these matters with his newly-appointed attorney.

**III.     Oct. 18, 2010 Motion for Order Requiring Counsel to Depose Defendant Vinson and Disqualifying Her Attorneys (#81)**

This motion states that one of the defendants in this litigation, Debbie Vinson, who at one time worked as a nurse at Southeast Correctional Center, where plaintiff is incarcerated, has been arrested and charged with possession and sale of controlled substances. Plaintiff wants the Court to order his newly-appointed counsel to depose defendant Vinson. Plaintiff states that the Missouri Attorney General's Office, which he says represents defendant Vinson in this matter, is the same office that will prosecute Vinson.

Again, plaintiff is instructed to discuss these matter with his newly-appointed attorney. Discovery and trial strategies are matters for plaintiff and his counsel to decide, and the Court will not interfere. Furthermore, although the defendants have not responded to plaintiff's motion to disqualify, the Court sees no reason to disqualify defendant Vinson's counsel — who are not,

in fact, attorneys with the Missouri Attorney General's Office — at this time.

IV.     **Nov. 29, 2010 Affidavit Regarding Retaliation of Missouri Probation and Parole Board (#86)**

Plaintiff states that at his parole hearing on August 25, 2010, he was told that he would be released into federal custody and then helped by his federal probation officer to get a federal grant to attend Bible College and finish taking Paralegal Law Courses. However, plaintiff says that the Parole Board retaliated against him after learning about this case and his "Confidential Settlement Agreement Request" by rescheduling plaintiff to a "reconsideration hearing" on August 13, 2010. Plaintiff wants the Court and his new appointed counsel to obtain a court order to retrieve and review plaintiff's parole hearing tapes to verify what plaintiff was told at his parole hearing. Plaintiff also attaches a Writ of Mandamus that another inmate filed on behalf of plaintiff.

The Court is unable to take any action on plaintiff's request. Again, plaintiff should discuss these matters with his newly-appointed attorney, who will decide whether any action can or should be taken in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for settlement, for emergency medical treatment and other injunctive relief, for an order requiring counsel to depose defendant Debbie Vinson and disqualifying defendant Vinson's attorneys, and for an order regarding his parole hearing (#72, #73, #81, #86) filed September 17, 2010, October 18, 2010, and November 29, 2010 are **DENIED**.

Dated this __7th__ day of December, 2010.

_____
UNITED STATES DISTRICT JUDGE