UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL E. HALEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:09CV144 SNLJ |
| | ) | |
| CMS, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's Motion for Default Judgment against

defendants Dan Martinez, Bryan Hoskins, and Charles Reed, #171, and his request for a hearing

to be held on this motion, #171-1, p. 5.  Defendants have filed a response in opposition to the

motion, to which plaintiff has replied.  Plaintiff has also filed another motion for appointment of

counsel, #201.

Plaintiff's motion for default judgment will be denied.  Plaintiff files his motion for

default judgment pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi), 55(a), 55(b)(1), and 55(b)(2).  Rule

37(b)(2)(A)(vi) provides that the Court may render a default judgment as a sanction for a party's

failure to obey the Court's prior order to provide or permit discovery.  Because the Court has not

issued an order compelling discovery against defendants in this case, plaintiff's motion will be

denied under Rule 37.[1]  By contrast, Rule 55(a) requires the Clerk of Court to enter a default

---

[1]In his motion, plaintiff states that he has not received a copy of defendants' dispositive
motion, filed December 5, 2011.  Plf's Motion, #171, p. 6.  In response, defendants state that they
re-sent those documents to plaintiff via overnight mail on January 13, 2012.  Defs' Response,
#177, ¶ 5.  Plaintiff also asserts that defendants' untimely response to his second motion for
summary judgment, #156, supports his motion for default judgment.  The alleged untimeliness of
defendants' response to plaintiff's second motion for summary judgment, when defendants have
answered plaintiff's complaint, filed their own motion for summary judgment, and have filed and

against a party who fails "to plead or otherwise defend" against an action for relief, which failure

is "shown by affidavit." Fed. R. Civ. P. 55(a). Although plaintiff has submitted lengthy

affidavits in support of his request, the record amply reflects that defendants have pled,

responded, and defended themselves with regard to plaintiff's claims against them. Therefore,

plaintiff's motion pursuant to Rule 55(a) will be denied. Rule 55(b)(1) and (b)(2) pertain to the

entry of a default judgment once the clerk has entered a default pursuant to Rule 55(a). An

"entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)."

*Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) (citing 10 Wright, Miller &

Kane, Federal Practice and Procedure:  Civil 2d § 2682 (1983)); *see also Frentzel v. Boyer*, 2006

WL 2788388, *4 (E.D. Mo. September 26, 2006) (Court denied *pro se* prisoner's motion for

default judgment for failure to first seek clerk's entry of default), *unpublished*. Because the

Court denies plaintiff's request for an entry of default under Rule 55(a), plaintiff's motion for

entry of default judgment pursuant to Rule 55(b) must also be denied. Plaintiff's request for a

hearing on his motion for default judgment will accordingly be denied as moot.

The Court now turns to plaintiff's latest motion for appointment of counsel, #201, filed

on March 16, 2012. In its Order of January 31, 2012, the Court denied plaintiff's then-most

recent motions for appointment/re-appointment of counsel, #157, #163, and #167. Plaintiff's

latest motion likewise fails to provide any new, meritorious reason why counsel should be

appointed to represent plaintiff in this case. For example, plaintiff again argues that he needs an

attorney due to his health condition, but he does not explain how his "very serious and severe

---

responded to other motions, including plaintiff's first motion for summary judgment, is certainly
not an appropriate basis for entry of default judgment in this case.

medical needs" prevent him for litigating his claims when he has been capable of litigating his claims through the filing of numerous motions and memoranda since his counsel withdrew. *See* Plf's motion, #201, p. 4. The same is true regarding plaintiff being placed in segregated confinement. Therefore, for these and the reasons stated in its prior orders of June 29, 2011, and January 31, 2012, plaintiff's motion will be denied.[2]

In his motion for appointment of counsel, plaintiff requests that a subpoena ad testificandum issue to a proposed medical expert witness in order to obtain expert testimony regarding the authenticity of plaintiff's medical records as produced by defendants. *See* Plf's Motion, #201, p. 7. The Court will deny plaintiff's request because the discovery deadline has passed. The Court previously extended the discovery deadline in this case from September 27, 2010, to September 30, 2011, and has repeatedly extended the deadlines for filing of dispositive motions. Both plaintiff and defendants have filed motions for summary judgment in this case, and plaintiff has not stated what exceptional circumstances merit the modification of the discovery deadline as required by the Court's original Case Management Order or why he was prevented from seeking discovery regarding his medical records prior to the extended discovery deadline. Therefore, plaintiff's request that a subpoena issue will be denied.

Finally, in his motion for appointment of counsel, plaintiff also appears to allege a claim against the Missouri Board of Probation and Parole for denying parole following a hearing held on August 25, 2010, in retaliation for filing this lawsuit. Plaintiff's deadline to amend his

---

[2]Plaintiff's accusations that this Court has denied his motions for appointment of counsel as punishment for his prior filing of a notice of appeal in this case, and that the Court has unfairly punished plaintiff with regard to his pleading mistakes, are baseless and scurrilous. *See* Plf's reply affidavit, #183, pp. 3-4, 10-11.

complaint and to join parties was June 28, 2010, and plaintiff did amend his complaint on that date. Thereafter, the Court allowed plaintiff to again amend his complaint on February 17, 2011. Again, discovery has been completed in this case and dispositive motions filed. Moreover, plaintiff has failed to explain why he did not and could not have included this claim in his third amended complaint, which was filed over five months after the parole hearing at issue. Therefore, the Court will deny plaintiff's request to join an additional party and add a further claim to this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment, #171, is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel, #201, is **DENIED** without prejudice. Plaintiff's request for a hearing on his motion is **DENIED** as moot, and his requests that a subpoena issue and to add a claim of retaliation against the Missouri Board of Probation and Parole are **DENIED**.

Dated this  24th  day of April, 2012.

 

 

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE