UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SAMUEL E. HALEY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:09-CV-144-SNLJ |
| | ) |
| CMS, et. al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

This matter is before the Court on three motions for summary judgment: (1) "Medical Defendants" Dr. Glen Babich, Stephanie Kasting, and Deborah Vinson's Motion for Summary Judgment (#147), (2) "Officer Defendants" Bryan Boskin, Dan Martinez, and Charles Reed's Motion for Summary Judgment (#151), and (3) Plaintiff Samuel Haley's Motion for Summary Judgment (#156). After an extended briefing schedule, these matters are ripe for adjudication.

**I.     Factual Background**

The following facts are undisputed except where indicated.[1]  Plaintiff Samuel Haley is a prisoner in the Missouri Department of Corrections ("MDOC") system currently — and at all relevant times for the purposes of this lawsuit — incarcerated at the Southeast Correctional Center ("SECC").  Plaintiff filed his complaint *pro se* under 42 U.S.C. § 1983 against more than

---

[1]The Court notes that the plaintiff has not specifically and appropriately responded to the medical defendants' statements of uncontroverted material facts as required by Local Rule 7-4.01(E).  Plaintiff indicates in other filings that he thought the defendants' statements of facts were excessively long.  This Court does not agree.  Because plaintiff did not respond to the statements of facts, the Court might properly deem all the defendants' statements of facts as admitted.  Although pro se plaintiffs are required to follow the court's rules, and this rule is no exception, the Court has examined the evidence for any genuine disputed facts.

30 defendants, alleging various violations of his constitutional rights.  The Court dismissed plaintiff's claims against most of those defendants pursuant to 28 U.S.C. § 1915(e); however, several claims survived frivolity review.  The Court eventually appointed counsel for plaintiff, and two successive appointed attorneys each filed an amended complaint on behalf of plaintiff.  After the most recently-appointed attorney filed the Third Amended Complaint, however, due to plaintiff's unwillingness to cooperate with appointed counsel (and at plaintiff's own request, see Doc. #95), appointed counsel was permitted to withdraw.  The Third Amended complaint, the most recent properly-filed complaint in this matter, contains two counts: Count I, Eighth Amendment Violations of Contemporary Standards of Decency, and Count II, Retaliation.

Plaintiff alleges that he suffers from serious medical conditions including diabetes, diabetic neuropathy, hypertension, a pinched nerve in his neck, and a severe hiatal hernia.  As a result, plaintiff alleges that he suffers from severe chronic pain, severe swelling in his legs and feet, and unstable blood sugar levels.  These conditions are known to the medical department defendants --- Nurse Vinson, Nurse Kasting, and Dr. Babich.  Plaintiff alleges that, because of his medical conditions, he was placed on a "medical lay-in" status, which included a lifting restriction of 20 pounds, no prolonged standing, and a bottom bunk walk designation for November 7, 2007 to November 6, 2008.

On October 1, 2008, the Warden of SECC began requiring plaintiff to pick up his medicine at 9:00 p.m.  Plaintiff claims that he was forced to refuse his medication due to his inability to attend the 9:00 p.m. pick-up because of swelling and pain in his legs during that time of day.  On October 11, 2008, plaintiff attended his 5:30 p.m. insulin shot and medicine pickup; he indicated that the swelling in his legs and feet would prevent him from returning for a 9:00

p.m. pickup and signed a refusal of treatment. A corrections officer wrote a conduct violation up for Haley for disobeying an order. At the October 15 hearing regarding that conduct violation, defendant Holsten ordered plaintiff to put on an orange jumpsuit and assigned him a cell restriction. Plaintiff refused to wear the jumpsuit, so defendant Holsten wrote him up for another conduct violation. Plaintiff was then assigned to a top walk cell and a top bunk in contravention of his medical lay-in order. Plaintiff was only sent to the cell with one pair of socks, one pair of underwear, one pair of shorts, and one t-shirt. He also had only a light blanket for at least 30 days. He remained in that cell from October 15, 2008 until February 6, 2009 and was denied a fresh change of clothing or linens during that time. Plaintiff further alleges that the defendants' actions amounted to violations of contemporary standards of decency and that the defendants subjected him to those conditions in retaliation for his lawsuits, grievances, and other complaints.

## II.     Summary Judgment Standard

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. *New England Mut. Life Ins. Co. v. Null*, 554 F.2d 896, 901 (8th Cir. 1977). Pursuant to Federal Rule Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting

forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).

**III.    Discussion**

**A.    Summary Judgment Motion by Medical Defendants**

Dr. Glen Babich, Nurse Stephanie Kasting, and Nurse Deborah Vinson (the "medical defendants") worked, at all relevant times, for Correctional Medical Services, which provides medical care for MDOC inmates at SECC.

Plaintiff alleges in his complaint that the medical defendants knew or should have known that the conditions in his cell were below the contemporary standards of decency and that they had the power to remedy the situation.  However, Dr. Babich has submitted an affidavit stating that medical staff has no involvement in the issuance of bedding or clothing to inmates in administrative segregation.  To the extent plaintiff contends otherwise, plaintiff has not submitted any evidence to support such a contention.  As a result, there undisputed facts show that the medical defendants are not responsible for plaintiff's allegedly unconstitutional living conditions.

Plaintiff has not pleaded claims specifically arising from the medical care provided to treat his chronic medical problems.  However, he seems to attempt to claim that the medical defendants acted with deliberate indifference to his requests to change his medication pickup

because of alleged pain and swelling in his legs and feet at night.  A prisoner's Eighth Amendment rights are violated if a prison official exhibits deliberate indifference to a prisoner's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994).  The Eighth Circuit defined a "serious medical need" as "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995).  Medical malpractice, inadvertent failure to provide adequate medical care, or simple negligence does not amount to a constitutional violation.  *Dulany v. Carnahan*, 132 F.3d 1234, 1343 (8th Cir. 1997).  Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested treatment.  *Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994).  A mere difference of opinion between plaintiff and his treating physician about what treatment is appropriate does not give rise to a colorable claim under § 1983.  *Warren v. Fanning*, 950 F.2d 1370,1373 (8th Cir. 1990).

     Here, plaintiff's medical records are replete with his refusing medical care, and plaintiff himself testified that he refused medical care offered by the defendants.  Plaintiff even refused to take the insulin necessary to treat his diabetes on the day he was admitted to SECC.  Although it was plaintiff's right to refuse medical care, he cannot blame the medical defendants for his own refusals to accept treatment.  To the extent plaintiff complains that the medical defendants enforced the Warden's policy in requiring him to pick up his medications at 9:00 p.m., there is no medical evidence or findings to prove that plaintiff's alleged leg swelling precluded him from walking at 9:00 p.m.  Plaintiff may disagree with defendant Babich's medical decisions, but such

disagreement does not support a § 1983 claim.²

Plaintiff does not allege that defendants Kasting or Vinson were personally involved in providing any of his medical care. Rather, it appears plaintiff's claims against those defendants are based upon their involvement in his inmate grievances and presumably their denials of his grievances seeking to change his medication pick-up time and for any alleged conspiracy against defendant Vinson.

The denial of grievances, in and of itself, cannot support a substantive constitutional claim. *Lomholt v. Holder*, 287 F.3d 683 (8th Cir. 2002). The IRR responses and grievance responses submitted by the medical defendants provided plaintiff with a detailed summary of his medical status and basis for the medication time change. They concluded that plaintiff's grievance could not be supported based upon medical records and available information, and therefore, denied the grievance.  Based upon the undisputed material facts, plaintiff cannot show that defendants Kasting or Vinson's involvement in the inmate grievance process deprived him of his constitutional rights.

With respect to plaintiff's retaliation claim, plaintiff cannot establish that any of the medical defendants retaliated against him for exercising a constitutionally protected right.  A prison official's action violates § 1983 when performed in retaliation for "the exercise of a constitutionally protected right ...even if the act, when taken for a different reason, would have been proper." *Madewell v. Roberts*, 909 F.2d 1203, 1206 (8th Cir. 1990) (citations omitted). A plaintiff must first show that he engaged in constitutionally protected conduct and then show that

---

²Plaintiff's briefing in opposition to the medical defendants' motion is mainly a rehashing of the facts and procedural history of this case.  He does, however, appear to argue that the defendants were somehow deliberately indifferent by preparing his insulin outside of his presence.  Because this claim was not included in his complaint, the Court will not address it here.

the official's adverse action caused her to suffer an injury which would "chill a person of ordinary firmness from continuing" in that activity, and that the adverse action was motivated in party by exercise of plaintiff's constitutional rights. *Naucke v. City of Park Hills*, 284 F.3d 923, 928 (8th Cir. 2002) (quoting *Carroll v. Pfeffer*, 262 F.3d 847, 850 (8th Cir. 2001).  To avoid summary judgment on a retaliation claim, a prisoner must submit "affirmative evidence [of] a retaliatory motive." *Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007). The burden is also on the plaintiff to establish the defendant was causally connected to the alleged retaliatory conduct. *Naucke*, 284 F.3d at 928; *see also Webb v. Hendrick*, 409 Fed. Appx. 33, 35 (8th Cir. 2010).

  Plaintiff alleges he was retaliated against or allegedly "threatened" for his utilization of the grievance procedures and alleged legal actions regarding his medical treatment at the SECC. Plaintiff has not set forth any admissible or competent evidence which could show that defendants retaliated against him. Plaintiff was issued multiple conduct violations by MDOC staff for failing to adhere to the prison rules. As a result, plaintiff was sentenced to Administrative Segregation for a period of time. When he was notified of his release, plaintiff refused to leave Administrative Segregation because he alleged he feared, without support, that defendants Vinson and Kasting would issue him conduct violations or require him to obtain his medication at 9:00 p.m. The undisputed facts demonstrate that neither Kasting nor Vinson have the authority to issue conduct violations and it was the Warden who determined plaintiff's 9:00 p.m. pick-up time for security reasons.  Plaintiff was issued subsequent conduct violations by MDOC staff for his failure or refusal to leave Administration Segregation.  Moreover, plaintiff continued to refuse medication brought to him while in Administrative Segregation allegedly as a form of protest or because he was mad. Accordingly, the undisputed evidence shows Plaintiff has not stated a claim for retaliation and that he is unable to present sufficient evidence to create an issue for fact that any

medical defendant retaliated against him for exercising a constitutional right.

### B.     Summary Judgment Motion by Officer Defendants

Defendant Dan Martinez served as the Functional Unit Manager at SECC.  Defendants Bryan Hoskins and Charles Reed served as Sergeants at SECC.  Plaintiff claims that these defendants violated his constitutional right to be free from cruel and unusual punishment when they assigned him to a "top walk" and "top bunk" against his "medical lay-in" order and provided him with no change of clothing or bedding for the three months he was in Administrative Segregation.

Defendants argue that they are entitled to summary judgment for the following reasons: (1) plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act; (2) plaintiff's conditions of confinement did not rise to the level of a constitutional violation; (3) defendants were not personally involved in the alleged deprivations, and (4) the defendants are entitled to qualified immunity.

#### 1.     Exhaustion of Administrative Remedies

Defendants argue that summary judgment should be granted to them on all of plaintiff's claims because plaintiff failed to exhaust his administrative remedies.  The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust all available administrative remedies before bringing an action challenging prison conditions under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a). "Exhaustion of available administrative remedies is required for any suit challenging prison conditions." *Woodford v. Ngo*, 548 U.S. 81, 82 (2006). "[T]he PLRA exhaustion requirement requires proper exhaustion." *Id.* at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" Id. at 92.  Furthermore, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general

circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Tussle*, 534 U.S. 516, 532 (2002)(internal citations omitted). Further, exhaustion is required "regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001). If all available administrative remedies have not been exhausted as to all claims before the suit is filed, dismissal of the complaint is mandatory. 42 U.S.C. § 1997e(a); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Defendants assert that plaintiff did not exhaust the available administrative remedies, and, in fact, they insist that he did not even initiate the grievance process for any of his claims against Defendants. Defendants assert that plaintiff did not file any IRRs or grievances against Defendant Martinez, Hoskins, or Reed regarding either his bunk assignment or his clothing/linen complaint. Defendants note that plaintiff does not allege in his complaints that he instituted or exhausted the IRR/grievance process regarding the conditions of his confinement, and they submitted an affidavit confirming that plaintiff did not file a single grievance concerning the allegations in the Third Amended Complaint.

Plaintiff denies that he failed to initiate or exhaust his administrative remedies. However, the plaintiff is required to do more than show that there is some doubt as to the facts --- plaintiff is required to set forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Matsushita Elec. Industrial Co.*, 475 U.S. at 586; *Anderson*, 477 U.S. at 249; *Celotex Corp.*, 477 U.S. at 324. Plaintiff has failed to do so. Thus, the allegations against these individuals must be dismissed as a matter of law under 42 U.S.C. § 1997e.

### 2. Conditions of Confinement

Even if plaintiff had exhausted his administrative remedies regarding his condition-of-confinement complaints, the defendants would be entitled to summary judgment. The conditions

of a prisoner's confinement in a state facility implicate the Eighth Amendment's proscription against cruel and unusual punishment only if the prisoner is "deprive[ed] of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "[T]he Constitution does not mandate comfortable prisons" and "persons convicted of serious crimes, cannot be free of discomfort." *Id.* at 349.

"A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element." *Revels v. Vincent*, 382 F.3d 870, 875 (8th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). First, the defendants' conduct must be proven, objectively, sufficiently serious to rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. *See Aswegan v. Henry*, 49 F.3d 461, 464 (8th Cir. 1995). With regard to the objective element, the Supreme Court has held that "extreme deprivations" are required to establish a conditions of confinement claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Second, the defendant's conduct must also reflect a subjective state of mind, evincing deliberate indifference to the "prisoner's health or safety." *Aswegan*, 49 F.3d at 464 (quoting *Beyerbach v. Sears*, 49 F.3d 1324, 1325-26 (8th Cir. 1995)). This requisite deliberate indifference is established only when the plaintiff shows that "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Revels*, 382 F.3d at 875.

Claims under the Eighth Amendment require a compensable injury to be greater than de minimis. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). No clear line divides de minimis injuries from others. *Id. See Jones v. Shields*, 207 F.3d 491, 496-97 (8th Cir. 2000); *Wyatt v. Delaney*, 818 F.2d 21, 23 (8th Cir. 1987).

As discussed further below, plaintiff has failed to establish that an assignment to the top bunk or denial of an exchange of clothing and linens constitutes a violation of his Eighth

Amendment rights. Plaintiff fails to prove he had an objectively serious need, or that he was deprived of that need. Further, plaintiff cannot establish that defendants acted with a sufficiently culpable state of mind because he has set forth no evidence showing that he brought his complaints to defendants' attention. Thus, plaintiff does not show that the Officer Defendants caused him to suffer the sort of "extreme deprivation" required to establish a conditions of confinement claim. *See Hudson*, 503 U.S. at 9.

Finally, plaintiff does not establish that he suffered any injury, or that an alleged injury was greater than de minimis. Although he states he experienced discomfort in his sleeping arrangements, he does not allege that he experienced any new injury.

### a. Clothing and Linen Exchange

Turning specifically to plaintiff's claims regarding his lack of clean clothes or linens, the Supreme Court has recognized that "humane conditions of confinement" include "adequate clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). However, there is "no absolute Eighth Amendment right not to be put in a cell without clothes or bedding." *Williams v. Delo*, 49 F.3d 442, 445-46 (8th Cir. 1995). The Eighth Circuit held, for example, that there was no Eighth Amendment violation where an inmate was placed in a cell for four days without clothes, running water or mattress and was refused tooth brush, tooth paste, deodorant, soap, sheets, blankets, pillow cases, pillows, mattresses, his legal mail, and clothing. *Id.* The Eighth Circuit held that because inmate had the basic necessities of food and shelter, there was no constitutional violation. As that court stated, "the Constitution does not mandate comfortable prisons; it prohibits inhumane ones." *Id.* at 445 (internal quotations omitted) (quoting *Farmer*, 511 U.S. at 832).

Here, plaintiff was provided with adequate clothing, including a jumpsuit, underwear,

socks, t-shirt and shorts, and adequate bedding, including one sheet and one blanket. Plaintiff never was deprived of clothing, and he admitted as his deposition that he was able to wash his clothes by hand in the sink or the shower.  Further, plaintiff fails to establish how washing clothing by hand rises to the level of a constitutional violation by depriving Haley of "the minimal civilized measure of life's necessities." *See Aswegan*, 49 F.3d at 464.  Plaintiff does not demonstrate that any of the three defendants was substantially aware of but disregarded an excessive risk to his health or safety.  In addition, plaintiff did not establish that he suffered any injury from the alleged deprivations.

Further, and tellingly, plaintiff received an order to return to general population on at least two separate occasions, but he refused to go.  Any claim that the conditions of confinement violated his constitutional rights are severely undercut by the fact that plaintiff chose to ignore an order to leave administrative segregation and instead chose to remain housed there.[3]

### b. Medical Lay In

Plaintiff also alleges he was assigned to a cell in Housing Unit 2 in which conditions fell below the contemporary standards of decency. He further claims that the standards directly placed him "in serious and immediate risk of physical harm."

To the extent that plaintifff's claim of placement in a cell contrary to a medical lay-in order may be construed as a claim of deliberate indifference to a medical need, "it is well established that the Eighth Amendment prohibition on cruel and unusual punishment extends to protect prisoners from deliberate indifference to serious medical needs." *Vaughn v. Greene Cty., Ark.*, 438 F.3d 845, 850 (8th Cir. 2006) (internal punctuation omitted).  To establish an Eighth

---

[3] Plaintiff's explanation for his refusal to return to the general prison population was that he believed certain prison officials would "make sure" he got "a couple of more violations" and would be sent back to administrative segregation.

Amendment claim for deliberate indifference to serious medical needs, a plaintiff must show that the prison official was deliberately indifferent to a "substantial risk of harm." *See Farmer*, 511 U.S. at 828. A deliberate indifference claim must include an objectively serious medical need or a deprivation of that need, and the need or the deprivation either must be supported by medical evidence or must be so obvious that a layperson would recognize the need for a doctor's attention. *Aswegan*, 49 F.3d at 464; *Johnson v. Busby*, 953 F.2d 349, 351 (8th Cir. 1991).

Plaintiff fails to demonstrate that he had a serious medical need. He complains of suffering from a "medical condition" for which he takes medicines and an insulin shot, and that suffers from "swelling and pain in his legs." Yet he offers no verifiable medical evidence of any medical diagnosis. Haley further makes reference to a medical lay-in order; however, a lay-in order "is not the same as showing a serious medical condition." *Rothman v. Lombardi*, No. 4:11-CV-639 CEJ, 2011 WL 1743831 (E.D. Mo. May 4, 2011).

Even if plaintiff could establish he had a serious medical need, he fails to prove that defendants Martinez, Hoskins or Reed knew about his medical condition or consciously disregarded his medical needs. In his Complaint, plaintiff asserts that his medical conditions "were known to the medical department," including Defendants Vinson, Kasting and Babich. But he does not claim that his medical conditions were known to Defendants Martinez, Hoskins or Reed, nor does he allege that defendants acted with a conscious disregard for his medical needs.

Finally, plaintiff fails to prove that he actually suffered any physical injury from the alleged constitutional violations. In his deposition, he said he had felt discomfort due to the conditions of his cell. However, mere discomfort does not rise to the level of a Constitutional violation. Plaintiff fails to show that he was in serious and immediate risk of physical harm based on a cell placement which did not take into account his medical lay-in. As a result,

summary judgment will be granted to the Officer Defendants.

Because the Court has found ample basis on which to base summary judgment for the defendants, the Court need not address defendants' remaining arguments.

## IV. Plaintiff's Motion for Summary Judgment

Plaintiff seeks summary judgment on his claims against defendants.  However, his motion discusses a telephone status conference between the Court and defendants' attorneys and subsequent changes to deadlines for dispositive motions.  Plaintiff complains that he (having recently fired his lawyer despite being given an opportunity to reconcile with his court-appointed attorney) was a pro se plaintiff at the time of the status conference, that he was not represented on the phone call, and that he is entitled to summary judgment.

Plaintiff's motion is nonsensical.  He does not appear to seek summary judgment on any claim at issue in his case.  Rather, he seems to seek relief for some un-explained injury he perceives stemmed from the telephonic conference and change in deadlines.  Plaintiff's motion will be denied.

## V. Conclusion

Summary judgment will be granted to all remaining defendants on all claims.  Plaintiff's motion for summary judgment will be denied.

Dated this   19th   day of September, 2012.

_____
UNITED STATES DISTRICT JUDGE